75 Commercial, LLC v Sung An (2022 NY Slip Op 05942)

75 Commercial, LLC v Sung An

2022 NY Slip Op 05942

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 650076/21 Appeal No. 16532 Case No. 2022-00755 

[*1]75 Commercial, LLC, Plaintiff-Appellant,
v
Sung An, Defendant-Respondent.

Kaufman Friedman Plotnicki & Grun, LLP, New York (Howard Grun of counsel), for appellant.
Kaplan & Chun, P.C., New York (Howard C. Chun of counsel), for respondent.

Order, Supreme Court, New York County (Frank Nervo, J.), entered on or about January 31, 2022, which, upon granting plaintiff's motion to reargue, adhered to its prior determination denying plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213) and dismissed the action, unanimously reversed, on the law, the motion for summary judgment in lieu of complaint granted, and the matter remanded to Supreme Court for calculation of damages.
Plaintiff demonstrated prima facie entitlement to summary judgment on its claim by submitting, among other things, the guaranty agreement signed by defendant guarantor, the lease, and the lease ledger stating the rent arrears of the commercial tenant (see iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021]). Pursuant to the terms of the lease, plaintiff was not required to allege or prove that the commercial tenant occupied the premises.
In opposition, defendant failed to raise an issue of fact regarding whether she was liable, as guarantor, for the unpaid rent of the commercial tenant. Despite her contentions otherwise, defendant is not covered by Administrative Code of the City of New York § 22-1005, a pandemic-related law making unenforceable any lease provision imposing personal liability upon a non-tenant where the tenant had defaulted in paying the rent. Administrative Code § 22-1005 protects individual guarantors of rent for certain types of commercial tenants impacted by the COVID-19 pandemic — namely, nonessential businesses that were required to close or substantially reduce their workforces in accordance with Executive Order (A. Cuomo) No. 202.6 (9 NYCRR 8.202.6). Here, however, the commercial tenant's dry-cleaning business was considered essential under Executive Order No. 202.6 (see Guidance for Determining Whether a Business Enterprise is Subject to a Workforce Reduction Under Recent Executive Orders, available at https://esd.ny.gov/guidance-executive-order-2026 [October 23, 2020] [last accessed Sept. 27, 2022]). Likewise, the other provisions of Administrative Code § 22-1005 do not relieve defendant of her obligations under the guaranty.
The motion court's concern about overlapping issues of fact relating to prior related actions not listed on the request for judicial intervention did not warrant denial of the motion. In any event, the actions were appropriately disclosed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022